**George SUTHERLAND, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 83–1352.

United States District Court, W.D. Pennsylvania.

Dec. 10, 1986.

Memorandum On Motion For Reconsideration March 26, 1987.

Thomas A. Shorall, David A. Jones, Aloysius F. Mahler, Pittsburgh, Pa., for plaintiffs.

David A. Fortney, Philadelphia, Pa., Will E. McLeod, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

OPINION

McCUNE, Senior District Judge.

We consider the parties' cross motions for judgment on the pleadings.[1] The sixth amended complaint is now at issue. Five have been dismissed without prejudice.

At issue is whether the Internal Revenue Service (IRS) may tax a lump sum incentive payment given to terminated employees of the Consolidated Rail Corporation (Conrail) pursuant to 45 U.S.C. § 797a as ordinary income within the calendar year it is re-

---

1. Defendant filed its motion for judgment on the pleadings on April 23, 1986. In their answer to this motion, filed April 24, 1986, the plaintiffs requested relief based, among other things, on the pleadings. We treat this request as plaintiffs' cross motion for judgment on the pleadings.

ceived, and whether this court or the Special Court, as set forth in 45 U.S.C. § 1105, has the proper jurisdiction to decide this case.

For the reasons stated below, we find that this court, and not the Special Court, is the appropriate forum to exercise jurisdiction over the instant matter. Upon review of the pleadings and the relevant statutory law, we will grant plaintiffs' motion for judgment on the pleadings. Defendant's motion will be denied. We decide that the termination payment is income but it must be apportioned over the years in which it was earned.

### Facts

The plaintiffs in this suit are former employees of Conrail who accepted a lump sum payment of up to $25,000 each from Conrail as a termination payment in 1982. The IRS apparently determined that the lump sum payments were to be treated as ordinary income within the year payments were received. Conrail withheld appropriate amounts from the payments. Plaintiffs have filed this suit, seeking tax refunds. Plaintiffs take the position that the amounts were not "wages" and thus not taxable, but in any event, they are not taxable in the year received.

### Procedural History

These motions come before us with a lengthy procedural history. Plaintiffs filed their initial complaint on June 28, 1983, seeking certification of a class action and relief in the form of a declaratory judgment directing the federal income tax on the lump sum distribution to be apportioned over a period of 20 years, and injunctive relief directing the IRS to refund the excess tax collected and Conrail to discontinue withholding the excess tax. Plaintiffs filed an amended complaint on July 26, 1983, seeking a declaratory judgment that the lump sum payments were not compensation for purposes of the Internal Revenue Code of 1954 and thus not taxable at all.

Defendants filed a motion to dismiss on November 23, 1983. By order dated December 22, 1983, this court, per Judge Dumbauld, dismissed the plaintiffs' action because the complaint and amended complaint failed to allege that any claim for tax refunds had been filed as required under 26 U.S.C. § 7422. In his order, Judge Dumbauld dismissed the complaint without prejudice to filing of an amended complaint, noting that the plaintiffs had an "arguably meritorious claim."

Plaintiffs filed an amended complaint on June 7, 1984, claiming that a "substantial" number of them had filed refund claims required by 26 U.S.C. § 7422.

In a memorandum opinion filed December 11, 1984, we dismissed the plaintiffs' action without prejudice to the filing of another amended complaint. Although we noted that it appeared that the plaintiffs' claim had merit, we found that we lacked the jurisdiction to address these claims in that the plaintiffs had failed to specifiy which of the named plaintiffs had actually filed refund claims as required. Since the exact dates of the filing of these claims were not alleged, we found it impossible to determine whether the 6–month waiting requirement of 26 U.S.C. § 6532(a)(1) had been met. Accordingly, we found the complaint jurisdictionally defective as to the refund claim. We also barred plaintiffs' prayer for injunctive and declaratory relief.

Plaintiffs filed a fourth and fifth amended complaint, but failed to cure the defects found in their prior pleadings. The defendant filed a motion for judgment on the pleadings and motions to dismiss on October 8, 1985. By order dated November 19, 1985, we granted the defendant's motion for judgment on the pleadings as to the plaintiffs who had already received the tax refund sought by this litigation and denied plaintiffs' motion for class certification due to their failure to sufficiently plead that all members of the class had filed for a refund. Defendant's motion to dismiss was granted as to those named plaintiffs who resided out of this district for improper venue. Plaintiffs were granted leave to file a sixth amended complaint addressing the remaining claim under 26 U.S.C. § 7422.

A sixth amended complaint was filed on December 9, 1985, substantially complying with our November, 1985 order, curing the pleading defects of the previous complaints. Plaintiffs alleged that the lump sum payment should be apportioned over the years they had worked for tax purposes.

Defendant filed a motion for judgment on the pleadings on April 23, 1986. Plaintiffs promptly responded and filed their pretrial statement on May 5, 1986. By order dated June 3, 1986, we permitted the defendant to file its pretrial statement after the decision on its motion if still needed.

### Discussion

#### I. Jurisdiction

■ Our threshold determination in the instant matter is whether we have jurisdiction to consider this case. In their briefs, both parties assert that this court, and not the Special Court, has the proper jurisdiction to consider the issue presented in this case.

Briefly stated, the Special Court was created by the Regional Rail Reorganization Act of 1973 (RRRA), with jurisdiction over matters concerning the Northeast Rail Services Act of 1981 (NERSA), 45 U.S.C. § 719. The Special Court's jurisdiction, in relation to NERSA is set forth in 45 U.S.C. § 1105 and states in relevant part:

(a) Notwithstanding any other provision of law, the special court shall have original and exclusive jurisdiction over any civil action—

(1) for injunctive, declaratory, or other relief relating to the enforcement operation, execution, or interpretation of any provision of or amendment made by this subtitle or administrative action taken thereunder to the extent such action is subject to judicial review ...

The parties contend that the jurisdiction conferred on the Special Court relates exclusively to railroad matters and not to such tangential issues as tax refunds. Defendant asserts that 28 U.S.C. § 1346(a), titled *United States as defendant* is controlling and requires that this court accept jurisdiction over this case. This statute states, in pertinent part, that only U.S. District Courts, concurrent with the U.S. Court of Claims, shall have jurisdiction of:

(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive in any manner wrongfully collected under the internal revenue laws.

A review of the relevant case law supports the parties contention that this court, and not the Special Court, has the proper jurisdiction to consider plaintiffs' claims for tax refunds. *See Edison Electric Institute v. Interstate Commerce Commission*, 765 F.2d 210 (D.C.Cir.1985); *Consolidated Rail Corporation v. County of Monroe*, 558 F.Supp. 1387 (Sp.Ct.R.R.R.A.1983), *cert. denied*, 462 U.S. 1120, 103 S.Ct. 3089, 77 L.Ed.2d 1350 (1983). Accordingly, we find that the determination of a tax refund suit does not affect NERSA or its implementation and we therefore have the proper jurisdiction to consider this case.

#### II. Proper Treatment of the Lump Sum Payments for Tax Purposes

Plaintiffs' contend that the lump sum termination benefits paid to them pursuant to 45 U.S.C. § 797a should not have been taxed as ordinary income within the year that they were received because "this was the intent of Congress." They point out that as of the date they filed their brief, April 4, 1986, the IRS had refunded overpaid taxes to a number of the named plaintiff-taxpayers as a result of their having filed amended tax returns in which they apportioned the taxes for the lump sum payments over the years the termination allowances were "earned" rather than received.

The defendant submits that the compensation the plaintiffs accepted should be considered ordinary income within the year it was received for federal tax purposes. The defendant claims that this position is supported by the legislative history behind 45 U.S.C. § 797d. Moreover, the defendant

asserts that the Internal Revenue Code, applicable Treasury Regulations, and case law interpreting the Code provide further support for the proposition that the separation benefits should be treated as ordinary income.

45 U.S.C. § 797d, titled *Election and treatment of benefits*, states in relevant part:

(b) *Treatment of benefits*

... and any termination allowance received under § 702 of this Act (45 U.S.C. § 797a) shall be considered compensation solely for purposes of—

(1) the Railroad Retirement Act of 1974 (45 U.S.C. § 231 et seq.); and

(2) determining the compensation received by such employee in any base year under the Railroad Unemployment Insurance Act (45 U.S.C. § 351 et seq.).

The legislative intent behind this section is found in the Congressional Record, excerpts of which were submitted by both parties. In particular, they point to section 413–3 (Senate—19131; House 5961) to support their positions concerning how Congress intended the lump sum payments to be treated for tax purposes. This section states, in part:

...Subsection (d) preserves the eligibility of employees deprived of employment to railroad unemployment insurance. Under a peculiarity of the Railroad Unemployment Insurance Act, for future purposes of establishing eligibility for coverage a separation allowance is treated as income only on the day it is paid.

We agree with the plaintiffs that this language does not support the defendant's contention that the lump sum payment should be treated as ordinary income in the year it was received.

Section 797a permitted Conrail to terminate certain employees upon the payment of $350.00 per month of active service up to $25,000. This was done as part of a program to make the railroads more viable economically. Section 797d preserved the right of terminated employees to unemployment insurance but nowhere were the employees excused from income tax on the payments.

Plaintiffs have attached to their brief a letter dated May 9, 1983, from U.S. Congressman James J. Florio, Chairman of the Subcommittee on Commerce, Transportation and Tourism, the House Subcommittee that drafted the termination allowance legislation. Addressing the intended tax treatment of the lump sum payments in relation to 45 U.S.C. § 797d(b), Congressman Florio stated:

The intent of this language was that these benefits should not be subject to Federal income taxation, since they would not be considered compensation for income tax purposes. It would not make sense for the Federal government to give with one hand and take back part with the other hand. However, it is possible that the IRS may interpret this in a different fashion.... Thus, the IRS could decide that since Congress did not specifically say that these benefits are tax exempt they should be taxed. Alternatively, the IRS could decide that while the benefit is not "compensation," it nevertheless is some other form of "gross income" and thus should be subject to tax. While the IRS could try to interpret the statute in these ways, these interpretations would not be consistent with Congressional intent.

The letter is of little value in determining congressional intent. Further it has not been made part of the record. From the language of § 797d(b) and the available history of the legislation, we find that the Congress did not intend that the lump sum payment should be treated as ordinary income in the year that it was received. Nor do we find the IRS code or Treasury Regulations otherwise controlling. Rather, it appears that plaintiffs' contention that the payment should be broken down and apportioned to the years in which it was earned and taxed accordingly is more consistent with the legislative intent behind the drafting of 45 U.S.C. § 797d(b). This interpretation is supported by the fact that the IRS has refunded overpaid taxes to certain plaintiffs who had filed amended tax returns in which they apportioned taxes over

the years within which the termination allowances were earned.

Accordingly, we will grant plaintiffs' motion for judgment on the pleadings. Defendant's motion will therefore be denied.

An order follows.

## MEMORANDUM ON MOTION FOR RECONSIDERATION

We consider various motions filed subsequent to our memorandum opinion and order of December 10, 1986, granting plaintiffs' motion for judgment on the pleadings. That opinion is incorporated by reference. In granting plaintiffs' motion, we decided that early retirement incentive lump sum termination payments were ordinary income but were to be apportioned over the years in which they were earned.

Defendant filed a motion for reconsideration of our decision on January 23, 1987, as well as a motion filed February 23, 1987, to strike plaintiffs' proposed order (purporting to list the names of claimants entitled to refunds). We also consider plaintiffs' motion for leave to file a motion for attorney fees and expenses.

For the reasons stated below, we will grant the defendant's motion for reconsideration. We find that the lump sum termination benefits should not be treated as income and thus are not taxable. We will also grant defendant's motion to strike plaintiffs' proposed order listing the claimants entitled to a refund, and will deny plaintiffs' motion for leave to file a motion for attorney fees and costs.

### Facts

As noted in our previous opinion, plaintiffs are former employees of Conrail who accepted a lump sum payment of up to $25,000 each from Conrail as a termination payment in 1982. The IRS determined that the payments were to be treated as ordinary income within the year they were received (although the record contains allegations that the IRS did grant refunds to certain claimants, apparently not treating the payment as ordinary income in the year received in those cases). Plaintiffs filed this suit, seeking tax refunds, taking the position that the amounts were not "wages" and thus not taxable. Alternatively, they argued if the payments were taxable, they are not taxable in the year received. We found the payments taxable, but were to be apportioned over the years earned for tax purposes.

### Discussion

#### A. Defendant's Motion for Reconsideration

Defendant contends that permitting the plaintiff taxpayers to apportion the severance payments over their years of employment is contrary to fundamental principles of tax law. Specifically, defendant argues that apportionment of the payments would: 1) be contrary to the cash basis accounting method employed by taxpayers; 2) contrary to the basic principle that if Congress wanted to alter a fundamental aspect of taxation under the Internal Revenue Code, it would have done so expressly, as it has done in other situations; and 3) 26 U.S.C. § 6501 precludes the United States from making an assessment after three years from the date on which a tax return is filed.

45 U.S.C. § 797d(b), titled *Treatment of benefits,* states in relevant part:

... and any termination allowance received under § 702 of this Act (45 U.S.C. § 797a) shall be considered compensation solely for purposes of—

(1) the Railroad Retirement Act of 1974 (45 U.S.C. § 231 et seq.); and

(2) determining the compensation received by such employee in any base year under the Railroad Unemployment Insurance Act (45 U.S.C. § 351 et seq).

We are in agreement with the defendant's position regarding our prior decision, especially in regard to the legal and practical difficulties of going back and amending plaintiffs tax returns for the relevant years involved.

Upon reconsideration, however, we are unpersuaded by defendant's argument that the lump sum payments should be treated as ordinary income within the year they were received. While we agree with

defendant's basic position in regard to the fundamentals of tax law, we do not read § 797d(b) and its accompanying legislative intent as requiring the payments to be treated as defendant suggests. The relevant wording of § 797d(b), "compensation solely for purposes" of the Railroad Retirement Act of 1974 and the Railroad Unemployment Insurance Act does not, in our opinion, mandate that these payments be treated as taxable income. Rather, we find upon reconsideration that these termination payments, which were incentives for early retirement, were meant to be non-taxable. To find otherwise would produce an inequitable result not contemplated by the cited legislation. Accordingly, upon reconsideration, we find that the lump sum payments are non-taxable.

**B.** *Defendant's Motion to Strike Plaintiffs' Proposed Order*

 By order dated January 12, 1987, we instructed the plaintiffs to furnish a list of the names and addresses of the appropriate claimants.[1] Plaintiff filed a proposed order containing a list of 89 individuals purportedly entitled to refunds. Defendant filed a motion to strike the proposed order alleging that the list contained individuals not entitled to refunds.

A review of the list reveals that at least five of the listed claimants reside outside of Pennsylvania. Furthermore, we find that the list may be defective in that it does not state with specificity whether or not any of the claimants listed received partial or full refunds. We will grant defendant's motion to strike plaintiff's proposed order. An amended order shall be submitted within 30 days.

**C.** *Plaintiffs' Motion for Leave to File a Motion for Fees and Costs*

In a motion filed March 10, 1987, plaintiffs' counsel filed for leave to file a motion for attorney fees and expenses based on his contention that he has received "far less than the value of his services." From the face of this motion, we

---

1. Claimants residing in this district, who had filed a claim for refund and had waited six

find no conceivable grounds upon which we can award the relief requested. This motion will be denied.

Accordingly, defendant's motion for reconsideration and to strike plaintiffs' order will be granted. Plaintiffs' request for attorney fees and costs will be denied.

An order follows.

---

months without receiving a refund prior to filing this suit.