865 F.2d 56
 63 A.F.T.R.2d 89-581, 89-1 USTC P 9115
 George W. SUTHERLAND, Richard C. Cozzie, Harry B. Somers,
William Stevens, James R. Ferrell, Norman J. Krieger,
Anthony W. Mazzeo, Alfred E. Hyde, Earl J. Geoffrion, Ruth
A. Langston, Anthony Fredicine, Charles M. Mc Corristin,
Robert E. Swackhammer Sr., H.O. Walters, James R. Henry,
Rocco Agrusti, John G. Elko, Dallas D. Hann, James W.
Gregory, Leroy D. Karber, Serphine D. Columbus, Gary N.
Zechman, Joseph A. Shirokey, Howard F. Reed, S.L. Christie,
John L. Davis, Charles W. Gavin, Alton W. Fly, Howard Green,
Cova M. Garver, James R. Peters, Jack H. Reefer, Theodore
Schmid, Ronald E. Higgins, Edward Solkoske, Frank J.
Pribble, James R. Pulver, Charles L. Kidd, Jr., Joseph D.
Ickes, James E. Wilsey, Russell E. Bosley, Denver E. Basham,
Elmer Hricko, Clayton Hartley, Charles Welch, F.V. Norman,
Robert Hysell, Ernest Bay, Robert F. Folkens, Arthur J.
Balluff, John J. McCarthy, John Hart, Dewey Phillips, Norman
Chaste, Kenneth Houser, William J. Richards, Paul W.
Mushrush, Arthur A. Westphal, G.W. Dancer, Robert E. Lee,
Stephen H. Herrington Jr., J.F. Jones, Harry F. Gerdes Jr.,
Richard C. Klein, Floyd H. Dodd, T.J. West, C.S. Boice, F.C.
Smith, Leon W. Friant, Edmund J. Subby, E.W. Bowman, James
L. Cooper, Lee E. Wills, O.M. Near, Jerry J. Arnette, V.F.
Minor, J.P. Kieran, William H. Ewan, J. Paul Seifarth, J. C.
Cox, J.F. Nicholson, individually and on behalf of All other
Retired Workers who received severance pay from Consolidated
Rail Corporation (Conrail) and William J. Donnelly, W.A.
Harris, Frank Mezzi, Franklin Shingler, Paul L. Bise, Robert
F. Haberland, Frank L. Jackson, Paul D. Prezzia, Donald M.
Barlow, Stephen M. Barlow
v.
Roscoe L. EGGER, Jr., in His Official Capacity as
Commissioner of Internal Revenue for the United
States of America, and Consolidated Rail
Corporation, United States of
America, Appellant.
 No. 88-3288.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Nov. 3, 1988.
Decided Jan. 6, 1989.
 
 William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Chief, Appellate Div., David I. Pincus, Nancy G. Morgan, Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.
 David A. Jones, Shorall and Jones, P.C., Pittsburgh, Pa., for appellees George W. Sutherland, et al.
 Before GIBBONS, Chief Judge, and BECKER and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 The appeal in this tax refund case presents the question of whether sums paid to former Conrail workers whose employment was terminated pursuant to a termination allowance provision enacted by Congress in 1981 as part of the railroad reorganization package are excluded from federal income taxation. Ruling on a motion for judgment on the pleadings, the district court found that the payments were excluded. We reverse.
 
 I.
 
 2
 Plaintiffs/appellants ("taxpayers") are twelve former Conrail workers. In 1982, they were awarded lump sums of up to $25,000 from Conrail upon termination of their employment. The payments were pursuant to 45 U.S.C. Sec. 797a(a) (1982), which provides:
 
 Sec. 797a. Termination allowance
 
 3
 (a) General
 
 
 4
 ... [Conrail] may terminate the employment of certain employees, in accordance with this section, upon the payment of an allowance of $350 for each month of active service with ... [Conrail] or with a railroad in reorganization, but in no event may any such termination allowance exceed $25,000.
 
 
 5
 Each taxpayer received less than the full amount of his gross benefit, however, because Conrail withheld income tax thereon which it in turn paid to the government. Each of the taxpayers filed a refund claim with the Internal Revenue Service seeking to recover the income tax withheld from his termination benefits. The claims were denied.
 
 
 6
 Taxpayers then instituted this suit in the district court for the Western District of Pennsylvania alleging that their termination benefits were specifically excluded from their gross income for tax purposes by 45 U.S.C. Sec. 797d(b), which provides:
 
 
 7
 (b) Treatment of benefits
 
 
 8
 Any benefits received by an employee under an agreement entered into pursuant to section 797 of this title and any termination allowance received under section 797a of this title shall be considered compensation solely for purposes of--
 
 
 9
 (1) the Railroad Retirement Act of 1974 (45 U.S.C. 231 et seq.); and
 
 
 10
 (2) determining the compensation received by such employee in any base year under the Railroad Unemployment Insurance Act (45 U.S.C. 351 et seq.).
 
 
 11
 The government moved for judgment on the pleadings and the taxpayers filed a response which the court treated as a cross-motion for judgment on the pleadings.[1] In a written opinion, the court denied the government's motion and granted taxpayers' cross-motion, concluding that the taxpayers were required to pay income tax on the termination benefits but that they could apportion the termination benefits to the years in which they were earned. Sutherland v. Egger, 664 F.Supp. 207 (1986).
 
 
 12
 The government moved for reconsideration. The district court granted the motion, concluding not only that the payments could not be apportioned over the years of employment,[2] but also that the termination allowances should not be treated as income subject to taxation at all. The effect of this judgment was to entitle the taxpayers to a full refund of the withheld taxes. The court reasoned that the wording of section 797d(b), stating that termination benefits shall be "compensation solely for purposes" of the Railroad Retirement Act of 1974 and the Railroad Unemployment Insurance Act, required that these payments not be treated as taxable income. This appeal followed.
 
 II.
 
 13
 The Internal Revenue Code broadly defines "gross income" as "all income from whatever source derived." 26 U.S.C. Sec. 61(a) (1982). The Supreme Court has given a liberal construction to this broad phraseology in recognition of the intention of Congress to tax all gains except those specifically exempted, see Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430, 75 S.Ct. 473, 476, 99 L.Ed. 483 (1955), and has held that exclusions from taxation are not to be implied but must be unambiguously provided for. United States v. Wells Fargo Bank, --- U.S. ----, ----, 108 S.Ct. 1179, 1182, 99 L.Ed.2d 368 (1988). The question here is whether 45 U.S.C. Sec. 797d(b) unambiguously provides for a tax exclusion as taxpayers contend. While at first blush, given the use of the word "solely," it may appear that it does, we conclude that it does not for several reasons.
 
 
 14
 First, the statute does not expressly state that it grants an income tax exclusion. The relevant provisions do not even mention the word "tax." Silence generally may not be construed to create an exclusion from income tax. Commissioner v. Tellier, 383 U.S. 687, 693-94, 86 S.Ct. 1118, 1121-22, 16 L.Ed.2d 185 (1966). This is particularly so when one considers that in other instances in which Congress wished to exclude income from taxation, including other instances dealing with railroad workers' income, it did so explicitly in the relevant statute. See, e.g., 45 U.S.C. Sec. 352(e) (1982) (explicitly excluding railroad unemployment insurance benefits from taxation); 45 U.S.C. Sec. 231m(a) (1982) (explicitly excluding railroad retirement annuities from taxation).
 
 
 15
 Second, section 797d(b) can be construed to have a purpose wholly independent of the exclusion of the separation allowances from income. For example, section 797d(b) could prevent the separation allowances from being considered "compensation" for the purpose of requiring payment of employer unemployment compensation contributions under 45 U.S.C. Sec. 358(a) (1982), or "compensation" for the purpose of requiring the filing of employer returns of compensation under 45 U.S.C. Sec. 356 (1982).
 
 
 16
 Third, section 797d(b) provides that "[a]ny benefits received by an employee ... shall be considered compensation solely for purposes of ..." (emphasis added). The term "compensation" is not synonymous with the term "income." Rather, compensation is a type of income as are, among other things, interest, rent, and alimony. 26 U.S.C. Sec. 61(a). Therefore, the use of the term "compensation," as opposed to the word "income," further supports our conclusion that the statute does not unambiguously provide for an exclusion from tax.[3]III.
 
 
 17
 For the foregoing reasons, we hold that 45 U.S.C. Sec. 797d(b) does not exclude taxpayers' separation allowances from income taxation. This decision is consistent with those of the two other courts that have considered the issue. See Herbert v. United States, 850 F.2d 32 (2d Cir.1988), and Martin v. Commissioner, 90 T.C. 1078 (1988). The judgment of the district court will be reversed.
 
 
 
 [1]
 There has been no suggestion that any factual disputes need to be resolved
 
 
 [2]
 The court so found because: (1) it would be contrary to the cash basis method of accounting; (2) if Congress had wanted to alter this fundamental principle of taxation, it would have done so expressly; and (3) apportionment was administratively unworkable because 26 U.S.C. Sec. 6501 (1982) precludes the government from making an assessment after three years from the date on which a tax return is filed
 
 
 [3]
 Taxpayers also argue that the legislative history of 45 U.S.C. Sec. 797d(b) supports a finding that Congress intended to exclude the separation allowances from income taxation. In support of their argument, however, they submit only an October 18, 1983, letter to their counsel from Congressman James Florio, chairman of the House Subcommittee on Commerce, Transportation and Tourism, which is the House Subcommittee that drafted the statute. Congressman Florio's letter states that it was his belief that the statute provided for an income tax exemption, but does not explain how and why the language of section 797d(b) was chosen. The letter was sent after the conclusion of the legislative session that passed the bill and is not part of an official record. Additionally, it only represents the views of Congressman Florio. Hence the Congressman's letter cannot carry the day. A further review of the legislative history reveals nothing to indicate that Congress intended to exclude taxpayers' separation allowances from income taxation