MICHAEL E. AND CHERYL A. BURDETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
BURDETT v. COMMISSIONER
Docket No. 11742-91
United States Tax Court
T.C. Memo 1992-576; 1992 Tax Ct. Memo LEXIS 600; 64 T.C.M. (CCH) 926; September 28, 1992, Filed *600 For Michael E. Burdett, pro se. For Respondent: Roderick H. Fillinger. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on respondent's motion for summary judgment, filed June 5, 1992, pursuant to Rule 121. [1] Respondent determined a deficiency of $ 13,708.92 in petitioners' Federal income tax for 1988. The issues for decision are: (1) Whether petitioner Michael E. Burdett's 1988 voluntary termination payment from his employer is taxable; and (2) if so, whether respondent is estopped from assessing a deficiency where petitioners filed their 1988 return excluding the voluntary termination payment from taxable income based on the advice of respondent's agents. Summary judgment is intended to expedite litigation and avoid the expense of a trial. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). *601 A decision on the merits of the parties' claims may be made on summary judgment if there is no genuine issue as to any material fact and the decision can be made as a matter of law. Rule 121(b). The Court will not resolve disputes over factual issues in a summary judgment proceeding. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). For purposes of this motion, respondent does not dispute the facts as alleged by petitioners. Rather, respondent argues that, taken as alleged, the facts fail to support petitioners' claims as a matter of law. We therefore examine the facts in the light most favorable to petitioners. On the date the petition was filed, petitioners resided in Cross Plains, Indiana. Michael E. Burdett, hereinafter referred to as petitioner, [2] was an employee of General Motors Corp. (GM). In September 1987, he lost his job due to the closing of GM's Norwood, Ohio, plant. In connection with the plant closing, GM offered a voluntary termination of employment program (VTEP) under which petitioner agreed to a lump-sum payment of $ 60,110.72. He received *602 his payment in July or August of 1988. GM withheld Federal income tax in the amount of $ 12,022.14. Social Security, State, and local taxes were also withheld. In March 1989, petitioner heard through a friend about the case of Sutherland v. United States, 664 F. Supp. 207 (W.D. Pa. 1986). *603 Believing the case stood for the proposition that his payment from GM was not taxable, he called the Internal Revenue Service Center. After several separate phone exchanges, a Taxpayer Services representative advised petitioner that the payment was not taxable and that he should claim a refund of the Federal tax withheld by GM, as well as the State, local, and Social Security taxes withheld. Petitioners claimed an income tax refund on their joint income tax return for 1988 and received an income tax refund of $ 12,103.48. Petitioner also made unsuccessful attempts to obtain refunds of his State, local, and Social Security taxes. These attempts included calls to another Taxpayer Services representative who tried to assist petitioner in obtaining a refund of his Social Security taxes. Ultimately, the representative advised petitioner that he should claim a refund of the Social Security tax on his 1989 return. He did so, but did not receive a refund. Petitioners' 1988 return was audited in May 1990. During the audit, the auditor informed petitioner that a mistake had been made and that the VTEP payment was taxable. The auditor stated that petitioner would not be liable for *604 interest or additions to tax because the mistake was respondent's. In May 1990, petitioner received an Explanation of Adjustments from the auditor, which indicated that petitioners were liable for additional 1988 income taxes of $ 13,708.92, plus interest of $ 1,780.61. On March 12, 1991, respondent mailed a deficiency notice to petitioners, determining a deficiency of $ 13,708.92 in their 1988 Federal income tax. Attached to the notice of deficiency was a copy of the Explanation of Adjustments, indicating that petitioners' interest on the deficiency as of May 10, 1990, was $ 1,780.61. [3]
*605 Taxation of VTEP Payment
Petitioner questions the taxability of the VTEP payment, relying on Sutherland v. United States, 664 F. Supp. 207 (W.D. Pa. 1986). That case dealt with termination payments to railroad workers under 45 U.S.C. sec. 797a(a). This statute does not apply to petitioner's VTEP payment. In addition, the District Court's interpretation of the statute was reversed. Sutherland v. Egger, 865 F.2d 56 (3d Cir. 1989) (holding termination payments under 45 U.S.C. sec. 797a(a) taxable). Payments identical to the ones in the Sutherland case have also been held to be taxable by this Court. See Martin v. Commissioner, 90 T.C. 1078 (1988), affd. 877 F.2d 449 (6th Cir. 1989). Section 61(a) defines gross income as "all income from whatever source derived". Termination or severance payments, such as the one received by petitioner, "fall within the broad scope of gross income includable under section 61." Martin v. Commissioner, supra at 1082; see also sec. *606 1.61-2(a)(1), Income Tax Regs. Petitioner's payment is no different from payments held to constitute income in other cases decided by this Court. See Jackson v. Commissioner, 25 T.C. 1106, 1111 (1956); Beggy v. Commissioner, 23 T.C. 736, 740 (1955). Therefore, petitioners are liable for Federal income tax on the VTEP payment unless the claim of estoppel is valid. Estoppel
Petitioner contends that the erroneous advice given by agents of respondent, as well as the confusion engendered by respondent's refund of the income tax withheld on his VTEP payment, should now estop respondent from laying claim to the tax due on that payment. This Court has held that "The doctrine of equitable estoppel is applied against the Government with the utmost caution and restraint." Kronish v. Commissioner, 90 T.C. 684, 695 (1988) (citing Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987)); see Cavanaugh v. Commissioner, T.C. Memo. 1991-407. Estoppel claims against the Government *607 involving misstatements of law or faulty advice by Government agents are generally rejected on one of two grounds: either the claimant's reliance on the agent's misstatement is not sufficiently detrimental, or the misdeed itself is not sufficiently egregious. [4] The instant claim is lacking in both respects. Petitioner has failed to allege sufficient detrimental reliance on the mistakes of respondent's *608 agents. Detrimental reliance is a primary element of an estoppel claim. [5]Heckler v. Community Health Services, 467 U.S. 51 (1984). In Heckler, a health care provider, relying on erroneous advice from a Government agent, obtained double reimbursements of certain costs from the Federal Government. In light of the extra funds this dual reimbursement made available, the provider significantly expanded its business. In a suit by the Government to recover the excess payments, the Court held that the provider, in relying on the agent's advice, "lost no rights but merely was induced to do something which could be corrected at a later time." Id. at 61. This was true, the Court wrote, even though the provider might have to "curtail its operations and may even be forced to seek relief from its debts through bankruptcy." Id. at 62; see also Estate of Piper v. United States, 8 Cl. Ct. 243 (1985) (no detrimental reliance found where erroneous estate tax refund spent on estate expenses); 15 Mertens, Law of Federal Income Taxation, sec. 60.18, at 70 (1991 rev.) (citing *609 various decisions rejecting claims of estoppel based upon reliance on erroneous advice from Government agents). In addition, it is generally held that a misstatement of law by a Government agent, by itself, is not sufficient to support a claim of estoppel. In Schweiker v. Hansen, 450 U.S. 785 (1981), a Social Security Administration representative erroneously informed a claimant that she was not eligible for certain benefits. The Court held that this mistake "'[fell] far short' of conduct which would raise a serious question" of whether the Government was estopped from refusing benefits because the claimant then failed to apply for them. *610 Id. at 790 (quoting Montana v. Kennedy, 366 U.S. 308, 314 (1961)); see also Henry v. United States, 870 F.2d 634, 637 (Fed. Cir. 1989) (erroneous advice of IRS agent not sufficient misconduct to estop IRS from raising statute of limitations where advice caused taxpayer to file claim after statute had run). Similarly, the misguided advice given by the Taxpayer Services representatives in the instant case is not, taken alone, sufficient misconduct to support petitioner's claim of estoppel. Neri v. Commissioner, 54 T.C. 767, 772 (1970) ("'The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law.'") (quoting Automobile Club v. Commissioner, 353 U.S. 180, 183 (1957)); Cavanaugh v. Commissioner, supra.
Petitioner contends that this case was mishandled in several other ways by agents of respondent. While we accept petitioner's factual allegations as true for purposes of this motion, they simply describe attempts by agents of respondent -- including *611 the Taxpayer Services representatives -- to ascertain petitioner's correct tax liability. Petitioner's understandable frustration with those attempts does not change their character or add to their sufficiency for purposes of petitioner's estoppel claim. We hold that respondent is not estopped from assessing the tax in issue. In light of this, and because the facts regarding the payment of the VTEP payment to petitioner are undisputed, we are able to rule as a matter of law that petitioners are liable for Federal income tax on the payment in question. Respondent's motion for summary judgment is granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue (1988), and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. None of the operative facts that are determinative of the issues presented by the pleadings involve petitioner Cheryl A. Burdett. Petitioners filed a joint 1988 return as husband and wife. Both petitioners signed the petition. In his response to respondent's motion for summary judgment, petitioner Michael E. Burdett states that he is no longer married to petitioner Cheryl A. Burdett, has had no contact with her since September 1991, and does not know her whereabouts. Petitioner Cheryl A. Burdett has not notified the Court of any change in address as required under Rules 21 and 24(b), nor has she filed a separate response to respondent's motion pursuant to the Court's Order of June 11, 1992.↩
3. In his response to respondent's motion for summary judgment, petitioner objects to respondent's intent -- manifested in the Explanation of Adjustments -- to assess interest. Petitioner notes that this manifestation directly contradicts the auditor's assurances and cites this as a further example of "the big runaround" given him by "many people in the I.R.S." As a general matter, this Court has no jurisdiction over questions concerning interest on a deficiency determined by respondent. Standard Oil Co. v. McMahon, 244 F.2d 11, 13 (2d Cir. 1957); 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 354-355 (1987); LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975). However, once a deficiency and interest have been assessed and paid and a petition has been filed, "then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest and the amount of any such overpayment." Sec. 7481(c)↩.
4. The Supreme Court has declined to define the level of misconduct that might give rise to a successful estoppel claim against the Government. In O.P.M. v. Richmond, 496 U.S. 414 (1990), the Court disavowed any reliance on standards such as "affirmative misconduct". Id. at 422. The Court in that case imposed a complete bar on the use of equitable estoppel against the Government in all cases involving Federal appropriation of money. Id.↩ at 434. The Court expressly refused to extend this prohibition to other situations.
5. In addition to reliance, estoppel claims generally must include the following elements: (1) The representation must be false; (2) the representation must be factual, rather than legal or opinion-based; and (3) the party claiming estoppel must be ignorant of the truth. Cavanaugh v. Commissioner, T.C. Memo. 1991-407↩.