**Norman W. HANSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

**No. 87–3413.**

United States Court of Appeals,
Federal Circuit.

Nov. 24, 1987.

Norman W. Hanson, pro se.

Jeanne A. Anderson, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With her on the brief, were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director, Washington, D.C. Also on the brief were Hugh Hewitt, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel and Murray M. Meeker, Atty., Office of Personnel Management, Washington, D.C., of counsel.

Before FRIEDMAN and DAVIS, Circuit Judges, COWEN, Senior Circuit Judge.

DAVIS, Circuit Judge.

### DECISION

The decisions of the Merit Systems Protection Board (MSPB or Board), 33 MSPR

581, denying petitioner's application for a retirement annuity, are affirmed.

## OPINION

Petitioner, a former employee of the Federal Aviation Administration, applied for disability retirement in December 1970 and received it in February 1972; at the latter time he was 47 years old. The retirement was approved on the basis of hypertension, angina pectoris, and seasonal pollenosis. At the same time Hanson also applied for employee compensation benefits from the Office of Workers' Compensation Programs (OWCP). Such compensation was approved on the basis of aggravation of hypertension and cardiovascular disease as well as anxiety neurosis. He was told that he was required to elect either OWCP benefits or disability retirement—but could not receive both. He chose OWCP benefits. Some years later he applied for and received a total lump-sum OWCP benefit in the sum of $503,814.28. He then sought reinstatement of his monthly civil service disability annuity. This was refused by the Office of Personnel Management (OPM) on the ground that his OWCP benefit and his disability annuity were for the same physical condition. He appealed to the MSPB where the presiding official upheld the OPM. The full Board granted review and issued its own comprehensive opinion affirming the presiding official (except for one minor issue).

█ The first question is whether petitioner received both his workers' compensation benefits and his disability retirement for the same condition.[1] Both the presiding official and the full Board so held, and we cannot upset those determinations. In each instance, two of the three stated grounds related to heart disease (hypertension, cardiovascular disease, and angina pectoris); the addition (in each case) of another ground did not alter the major identity of the conditions found.

█ The next issue is whether the Government is estopped from denying petitioner's deferred retirement annuity because both OPM and OWCP advised him (at about the time he received the lump-sum workers' compensation benefit) that receipt of the lump-sum OWCP benefit would not prevent him from receiving a civil service retirement annuity. The full Board found that these representations were made in a good faith interpretation of the statutes at that time. That finding, too, must be accepted. It is now settled that to estop the Government there must at least be affirmative misconduct, leading to unfairness, on the part of a Government official. *Heckler v. Community Health Serv.*, 467 U.S. 51, 104 S.Ct. 2218, 8 L.Ed.2d 42 (1984). That was permissibly found to be absent here. Both OPM and OWCP acted in full good faith on the basis of the then accepted reading of the statute.

█ Finally, the most significant problem is whether the statute supports OPM's current view that there can be no duplication of disability retirement and of workers' compensation for the same condition, or whether the legislation sustains Hanson's interpretation that he is free to accept both. It appears that some years ago OPM did accept Hanson's general position, but it has since changed its construction of the legislation (the change was made in November 1985). We do not stop to parse the applicable statute and the legislative history because the full Board, in a thorough and comprehensive opinion, has gone into the matter thoroughly and concluded that dual payment is prohibited by 5 U.S.C. §§ 8116, 8337(f), and 8337(g). Though the statutes are ambiguous on their face—and may be read as conflicting—the Board determined that the legislative history prohibits award of both benefits for the same time-period. We agree with that analysis and result, and therefore hold that Hanson does not have an unrestricted right to both benefits.

---

**1.** If the conditions were the same, petitioner was required, in order to receive disability retirement, to refund a portion of his workers' compensation benefits. *See* 5 U.S.C. § 8377(g).

**1570**

Our decision in *Lichtman v. Office of Personnel Management,* 785 F.2d 299 (Fed.Cir.1986)—expressly allowing double benefits in that case—involved the prior time in which both OPM and MSPB accepted the possibility of double benefits. No argument was made to us in that case that the statute flatly prohibited double benefits there. In particular, we did not have the advantage of the particular legislative history canvassed (in the current case) by the full Board. That history is very persuasive in interpreting the statute to disallow double benefits for the same time-period. It is settled, moreover, that (unless Congress has provided otherwise) agencies can alter their interpretations of the legislation they administer. *E.g., Civil Aeronautics Bd. v. Delta Air Lines,* 367 U.S. 316, 321–34, 81 S.Ct. 1611, 1616–23, 6 L.Ed.2d 869; *Bookman v. United States,* 453 F.2d 1263, 1265 (Ct.Cl.1972). That is what OPM has done here, and both the MSPB and we agree that the new reading is correct and permissible.

AFFIRMED.