**Lacy M. HENRY, d/b/a Qualified Personnel, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 88–1483.

United States Court of Appeals, Federal Circuit.

March 13, 1989.

Suggestion for Rehearing In Banc Declined April 12, 1989.

William A. Clark, Wilmington, N.C., argued for plaintiff-appellant.

John J. Boyle, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen and William S. Estabrook.

Before NIES, and NEWMAN, Circuit Judges, and COWEN, Senior Circuit Judge.

COWEN, Senior Circuit Judge.

Lacy M. Henry, d/b/a Qualified Personnel (Henry) appeals from the judgment of the United States Claims Court (Horn, J.),

*Henry v. United States,* 14 Cl.Ct. 795 (1988), holding that the United States (Government) is not estopped from raising the defense of the statute of limitations and that Henry's suit was therefore untimely. We affirm.

## I. *Background*

The facts underlying this Federal tax case are set forth in the opinion of the Claims Court, *id.* at 796–98. Briefly, Henry paid FICA and FUTA taxes to the Government during the years 1975 through 1979. After he paid those taxes, he became convinced that a portion of them had been paid in error. Accordingly, he filed a claim with the Internal Revenue Service (IRS) for a tax refund.

During his negotiations with the IRS regarding the refund claim, Henry executed five IRS Forms 2297 covering the taxes for which he had filed the claim. Those forms, entitled Waiver of Statutory Notification of Claim Disallowance, provided that Henry waived the requirement under 26 U.S.C. § 6532(a)(1) (1982) that he be sent a notice of the disallowance of his claim. The forms stated also that "the filing of this waiver is irrevocable and it will begin the 2–year period for filing suit for refund of the claims disallowed. . . ." Henry executed the forms on November 18, 1980, and they were filed with the IRS by November 21, 1980.

Despite Henry's written waiver on Forms 2297, the IRS nevertheless proceeded to formally disallow the claim. By letter dated January 21, 1981, the IRS notified Henry that a full disallowance of his refund claim had been proposed. The letter notified Henry that he had the right to request a hearing before an IRS Appeals Officer if he disagreed with the proposed disallowance.

By letter dated March 4, 1981, the IRS formally notified Henry that his refund claim was disallowed. The letter informed Henry that he had the right to bring suit to contest the disallowance. It stated that:

> The law permits you to [bring suit] within 2 years from the mailing date of this letter. However, if you signed a waiver

of the notice of disallowance (Form 2297), the period for bringing suit began to run on the date the waiver was filed.

Henry filed the instant suit in the Claims Court in February of 1983, more than two years after he had signed the Forms 2297 in November of 1980, but less than two years after the March 4, 1981, date of the formal notice of disallowance.

On July 19, 1984, the Claims Court granted the Government's motion to dismiss for lack of jurisdiction and entered judgment for the defendant. On appeal to this Court we vacated the judgment, and remanded the case to the Claims Court on the issue of whether the Government was estopped from raising the statute of limitations defense. *Henry v. United States,* 770 F.2d 178 (Fed.Cir.1985) (unpublished). Following a trial after remand, the Claims Court held that the Government was not estopped from raising the two-year statute of limitations as a defense, and dismissed Henry's suit as untimely. This appeal followed.

In the trial in the Claims Court, Henry contended that the Government should be estopped from relying on the two-year statute of limitations, because agents of the United States failed clearly to inform him that the Forms 2297 had been filed. Based on the documentary evidence and the testimony of the witnesses, the Claims Court found that none of the communications alleged by Henry to be misrepresentations resulted in him being misled on the specific issue of whether Forms 2297 had been filed. The Claims Court also found that the series of communications received from the Government should not have been viewed by a reasonable businessman and his agent in this case as resolving the issue of whether Henry had filed the Forms 2297.

Henry's second major contention in the trial in the Claims Court was that on September 30, 1982, his agent asked Revenue Agent Walter Grace about the filing of Forms 2297 and informed Agent Grace that Henry had received a statutory notice of disallowance. Mr. Windham, Henry's agent, testified that Agent Grace stated that if a statutory notice of disallowance

had been sent by certified mail, then no Forms 2297 had been filed and Henry had two years from the date of the letter to file suit. As the Claims Court found, Agent Grace did not recall the conversation but testified that in accordance with his general practice, he probably indicated that if the taxpayer had received a notice of disallowance by certified mail, then no Forms 2297 had been filed. The Claims Court noted that there was no indication in the record that Agent Grace was aware of the status of Henry's case or of the contents of the IRS file in his case at that time. The Claims Court then found that it was unreasonable for Henry to rely on the oral advice of Agent Grace, because there was nothing in the record to indicate that it was other than general information which was contradicted by the specific language in the March 4, 1981, notice of disallowance. The court also found that estoppel was inappropriate in this case, because Henry had not demonstrated an absence of contrary knowledge and actual reliance on any of the alleged representations. Accordingly, the court concluded that on the totality of the facts and circumstances, Henry had failed to show that his case presented a factual situation "in which the absence of equitable relief would be unconscionable." 14 Cl.Ct. at 803.

## II. *Discussion*

Section 6532(a) of 26 U.S.C. (1982) establishes a statute of limitations on suits for tax refunds. Section 6532(a)(1) provides in relevant part that:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax ... shall be begun after the expiration of 2 years from the date of mailing by certified mail or registered

mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

Section 6532(a)(3) provides, however, that if an individual files a written waiver of the requirement that he be mailed a notice of disallowance, the two-year statute of limitations begins to run on the date the waiver is filed.

As stated above, Henry's suit was filed more than two years after he signed the waivers on the Forms 2297. Therefore, the judgment of the Claims Court must be affirmed unless we hold that the trial court erred in rejecting Henry's plea of estoppel.[1]

The Supreme Court addressed the circumstances in which the Government may be estopped in *Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). The Court declared that "it is well settled that the Government may not be estopped on the same terms as any other litigant." *Id.* at 60, 104 S.Ct. at 2224. Although it declined to define exactly what circumstances would justify the application of estoppel against the Government, the Court stated that "the traditional elements of an estoppel" must at least be present. *Id.* at 61, 104 S.Ct. at 2224. The Court had described one of those traditional elements—reasonable reliance—by stating that "the party claiming the estoppel must have relied on its adversary's conduct ... and that reliance must have been reasonable in that the party claiming the estoppel did not know *nor should it have known* that its adversary's conduct was misleading." (Emphasis added; citations and footnotes omitted.) *Id.* at 59, 104 S.Ct. at 2223.

1. This court's recent decision in *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573 (Fed.Cir.1988), does not preclude consideration of estoppel. That decision held that the six-year statute of limitations for filing suit against the Government provided by 28 U.S.C. § 2501 (1982), "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." *Hopland* at 1576–77. Accordingly, the court held that that statute is incapable of waiver and not subject to an estoppel. As *Hopland* and the authorities cited therein are limited in their application to 28 U.S.C. §§ 2401 and 2501, they are not pertinent to the issue in this case, which involves 26 U.S.C. § 6532 (1982). The courts have held that section 6532 is a flexible statute and that the Government may be equitably estopped from arguing that it bars a suit for refund of taxes. *Southeast Bank of Orlando v. United States*, 676 F.2d 660, 230 Ct.Cl. 277 (1982); *Miller v. United States*, 500 F.2d 1007 (2d Cir.1974).

The factual findings of the Claims Court, including those based on documentary evidence as well as those based on the testimony of witnesses, are reviewable under the clearly erroneous standard. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985). Since Henry has failed to demonstrate that the trial court's findings are clearly erroneous, we agree with the Claims Court that reasonable reliance, one of the essential traditional elements of estoppel, is lacking in this case. Furthermore, we note that Henry's alleged reliance on advice given to him by the IRS is undermined to the extent that the advice was oral. *Heckler,* 467 U.S. at 65, 104 S.Ct. at 2226; *Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685 (1981); *City of Alexandria v. United States,* 737 F.2d 1022, 1027–28 (Fed.Cir.1984).

Finally, we hold that even if reasonable reliance and the other traditional elements of estoppel had been shown in this case, Henry has failed to show that the alleged representations of the IRS agents constituted the type of affirmative misconduct that courts have required as an element of an estoppel claim against the government. *Schweiker,* 450 U.S. at 788–89, 101 S.Ct. at 1470–71; *Hanson v. OPM,* 833 F.2d 1568, 1569 (Fed.Cir.1987); *Mukherjee v. INS,* 793 F.2d 1006, 1009 (9th Cir.1986).

The Claims Court found that although the testimony of the IRS witnesses who dealt with Henry and his agent was largely credible, the witnesses "did not present a picture of a well organized bureaucracy ready, willing, and able to serve the public." 14 Cl.Ct. at 802. The court also found that the IRS officials assigned to the case and the pertinent records were not co-located and that Henry and his representative were forced to contact many different individuals in different locations in order to obtain needed information. However, the court concluded that although the procedures within the IRS were cumbersome and apparently inefficient, the action of the Government's agents did not warrant judicial interference.

Although the situation described by the Claims Court indicates a compelling need for correction of the agency's procedures by administrative action, the facts found by the Claims Court do not establish that the actions of the Government's agents in this case amounted to the kind of affirmative misconduct that is necessary to estop the Government. *Cf. Richmond v. OPM,* 862 F.2d 294 (Fed.Cir.1988); *Hanson,* 833 F.2d at 1569.

In sum, we concur in the trial court's determination that the Government is not estopped from relying on the two-year statute of limitations triggered by the Forms 2297 filed by Henry. We have examined each of the cases cited by Henry in which estoppel was applied against the Government and agree with the Claims Court's analysis that they are factually distinguishable from this case.

AFFIRMED.