E.L. HAMM & ASSOCIATES, INC., Appellant,

v.

Gordon R. ENGLAND, Secretary of the Navy, Appellee.

No. 01–1303.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 7, 2002.

Before MAYER, Chief Judge, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

E.L. Hamm & Associates, Inc., appeals the January 2, 2001, decision of the Armed Services Board of Contract Appeals, *Appeal of E.L. Hamm & Assocs., Inc.,* ASBCA No. 48600, 2001 WL 38742 (ASBCA Jan. 2, 2001) denying its reimbursement claim for the cost of a fence it installed. We *reverse.*

■ Hamm challenges the board's conclusion that the government adequately pleaded the affirmative defense of estoppel by waiver as required by ASBCA Rule 6(b), 48 C.F.R. Ch. 2, App. A (2000). ASBCA Rule 6(b), like Fed.R.Civ.P. 8(c), requires that affirmative defenses must be set forth in the pleadings. Estoppel by waiver is an affirmative defense. *Foote Mineral Co. v. United States,* 228 Ct.Cl. 230, 654 F.2d 81, 86 (1981). "The purpose of such pleading is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). If an affirmative defense is not pled, however, it may nevertheless be raised where the plaintiff was aware of the argument and indicated his responses to the evidence. *Erickson v. United States,* 159 Ct.Cl. 202, 309 F.2d 760, 764 (1962).

The board held that the government's statement in its answer: "[a]ffirmatively aver that it is unreasonable to state that installation of the fence will be at no cost to the Government, if at the same time there is an unstated expectation that the Government will reimburse such costs," was sufficient to plead the defense of estoppel by waiver. In its brief, however, rather than argue that the affirmative defense was properly pleaded, the government asserts that the exception is applicable, and that it intentionally did not use the precise terminology "estoppel by waiver" because Hamm was proceeding *pro se.* This language is insufficient to give Hamm adequate notice. The parties' focus during trial was directed to whether Hamm was contractually entitled to reimbursement, not whether the elements of estoppel by waiver had been met. Two of the key witnesses on this point, Marks and Heckert, did not even testify. Rather, the government used the Heckert letter to

argue that Hamm did not believe it was contractually entitled to reimbursement at the time it was written. Additionally, it is disingenuous for the government at this stage to argue that it intentionally chose less precise language for its answer in deference to Hamm's *pro se* status. Use of the precise language would have forced Hamm to research the defense thereby giving it an opportunity to prepare. The result of the government's approach was a *pro se* party who was ill-prepared and unaware of the legal ramifications of the government's strategy.

■ Hamm also challenges the board's finding that the government reasonably relied on the alleged waiver. The affirmative defense of estoppel requires, *inter alia*, that the asserting party had reasonably relied upon the conduct of the estopped party. *See Henry v. United States*, 870 F.2d 634, 636–37 (Fed.Cir.1989). The government bears the burden to prove that its reliance was reasonable. For the government's reliance on the Heckert letter to have been reasonable, the government had to believe that Heckert had actual or apparent authority, *i.e.* that he was authorized to act on Hamm's behalf, or acted with the permission of an authorized individual. *See Restatement (Second) of Agency* § 8B (1957); *Restatement (Third) of Agency* § 2.05 cmt. c (Tentative Draft No. 2, 2001) (To determine the reasonableness of the reliance, "[t]he operative question is whether a reasonable person in the position of the third party would believe such an agent, as the actor appears to be, to have authority to do a particular act.").

The government proved neither of the two. To the contrary, Hazzard testified that she knew Heckert was not authorized. In fact, she testified that she never believed the letter was a waiver because she thought there was no contractual provision that would require the government to pay for the fence. Moreover, there is no evidence to support that Heckert was acting with Marks's permission. The board *presumed* that Marks was aware of the contents of the Heckert letter. "Marks, who had authority to act for Hamm, did not testify. We presume that he was aware of the contents of Heckert's 29 April 1994 letter. There is no evidence that he changed or in any manner objected to the no-cost proposal Heckert submitted when Hazzard notified him that the fence sketch had been approved." *Appeal of E.L. Hamm & Assocs., Inc.*, No. 48600, 2001 WL 38742 at *5. But there is no evidence that Marks was aware of the no-cost proposal, much less gave Heckert permission to make such an offer. It was the government's burden to prove the elements of estoppel, yet it provided no evidence to prove that its reliance was reasonable. Therefore, the board's finding that Hamm is estopped from seeking reimbursement is not supported by substantial evidence.