T.C. Summary Opinion 2006-59

UNITED STATES TAX COURT

SEDRICK CELESTIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6229-05S.                    Filed April 19, 2006.

Sedrick Celestin, pro se.

<u>Kim Nguyen</u>, for respondent.

DEAN, <u>Special Trial Judge</u>: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code of 1986, as amended.  The decision to be entered is
not reviewable by any other court, and this opinion should not be
cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's filing of a notice of Federal tax lien for his tax liabilities for 1997 and 1998.  The issue for decision is whether respondent's collection action was an abuse of his discretion.

## Background

The stipulated exhibits and the exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in Corona, California.

Petitioner signed a stipulated decision in Sedrick Celestin and Marie M. Paul, docket No. 8355-00, entered by this Court on October 23, 2001.  On February 4, 2002, respondent assessed the deficiency of $44,545 and an accuracy-related penalty of $3,847 for 1997, as agreed in the stipulated decision.  Petitioner filed for bankruptcy in April of 2002.

## Discussion

Section 6320 entitles a taxpayer to notice of his right to request a hearing with the Internal Revenue Service (IRS) Office of Appeals after a notice of lien is filed by the Commissioner in furtherance of the collection of unpaid Federal taxes.  The taxpayer requesting the hearing may raise any relevant issue with

regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b) and (c), 6330(c); see <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. <u>Sego v. Commissioner</u>, <u>supra</u> at 609-610; <u>Goza v. Commissioner</u>, <u>supra</u> at 181-182.

The only issues raised by petitioner at the section 6330 hearing were: (1) That petitioner did not understand the nature of the decision document he signed in his deficiency proceeding for 1997 in this Court;[1] and (2) whether petitioner's tax liability for 1997 was discharged in bankruptcy. At trial,

---

[1]Because petitioner did not pursue the issue at trial, the Court considers petitioner to have conceded the issue of his unilateral mistake. <u>Bradley v. Commissioner</u>, 100 T.C. 367, 370 (1993); <u>Sunstrand Corp. v. Commissioner</u>, 96 T.C. 226, 344 (1991); <u>Rybak v. Commissioner</u>, 91 T.C. 524, 566 n.19 (1988).

petitioner's memory of the prior Tax Court proceeding vanished completely, and he questioned the authenticity of the decision document though, incongruously, not his signature. But his primary argument was that the tax for 1997 was discharged in bankruptcy or should be so treated because, he alleged, an Internal Revenue Service (IRS) representative advised him that filing for bankruptcy would relieve him of the tax. He argues that the IRS representative misled him.

Because petitioner's income tax liability was assessed within 240 days before the date of the filing of the bankruptcy petition, it was not dischargeable. See 11 U.S.C. secs. 523(a)(1)(A), 507(a)(8)(A)(ii) (2000). As petitioner's tax debt is of a kind specified in 11 U.S.C. section 523(a)(1)(A), it is not discharged whether or not a proof of claim is filed or allowed. 11 U.S.C. 523(a)(1)(A)(2000); Swanson v. Commissioner, 121 T.C. 111, 128 (2003). Petitioner's discharge argument is without merit.

Petitioner's argument that he was misled by an IRS representative into filing for bankruptcy is essentially one of estoppel. This Court has held that it will apply the doctrine of equitable estoppel against the Government with the utmost caution and restraint. Kronish v. Commissioner, 90 T.C. 684, 695 (1988) (citing Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987)); see Cavanaugh v.

Commissioner, T.C. Memo. 1991-407, affd. without published opinion 986 F.2d 1426 (10th Cir. 1993). Estoppel claims against the Government involving misstatements of law or faulty advice by Government agents are generally rejected on one of two grounds: either the claimant's reliance on the agent's misstatement is not sufficiently detrimental, or the misdeed itself is not sufficiently egregious. Burdett v. Commissioner, T.C. Memo. 1992-576. The instant claim is lacking in both respects. Petitioner has failed to allege sufficient detrimental reliance on the alleged misstatement of respondent's representative.

Detrimental reliance is a primary element of an estoppel claim. Heckler v. Community Health Services, 467 U.S. 51 (1984). In Heckler, the Court held that the plaintiff, in relying on the agent's advice, "lost no rights but merely was induced to do something which could be corrected at a later time." Id. at 62. Here, petitioner lost no rights. His position would be the same as it is now had he not filed for bankruptcy; he would be liable for the tax assessed for 1997.

In addition, it is generally held that a misstatement of law by a Government agent, by itself, is not sufficient to support a claim of estoppel. See Schweiker v. Hansen, 450 U.S. 785 (1981); see also Henry v. United States, 870 F.2d 634, 637 (Fed. Cir. 1989) (erroneous advice of IRS agent not sufficient misconduct to estop IRS from raising statute of limitations where advice caused

taxpayer to file claim after limitations period had run); <u>Burdett v. Commissioner</u>, <u>supra</u>.  Clearly, if respondent's representative advised petitioner that filing for bankruptcy would enable him to have the deficiency assessment for 1997 discharged, it was an erroneous statement of law, insufficient to support a claim of estoppel.

<u>Conclusion</u>

The filing of a Notice of Federal Tax Lien was not an abuse of discretion by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.