T.C. Summary Opinion 2011-81

UNITED STATES TAX COURT

DARA BLUMENTHAL, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30038-09S.          Filed July 5, 2011.

Dara Blumenthal, pro se.

Monica E. Koch, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended, and all

Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice of determination). The notice of determination sustained the filing of a notice of Federal tax lien (NFTL) issued to petitioner that pertained to her unpaid 2003 Federal income tax. The issue for decision is whether respondent correctly sustained the filing of the NFTL.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in New York when she filed her petition.

During 2002 petitioner redeemed several savings bonds to pay her living expenses.[1] Although not working in 2002, petitioner sent the Internal Revenue Service (IRS) a $3,500 check to pay what she believed was her 2002 tax liability from redeeming the savings bonds. Petitioner did not file a Federal income tax return for 2002 until May 2006. Petitioner received a notice from respondent dated June 12, 2006, alerting her that the period

---

[1]The Court's "jurisdiction under sec. 6330(d)(1)(A) encompasses consideration of facts and issues in nondetermination years where the facts and circumstances are relevant in evaluating a claim that an unpaid tax has been paid." Freije v. Commissioner, 125 T.C. 14, 27 (2005).

for claiming a refund or credit for 2002 had expired.  Petitioner did not respond to the notice.  Petitioner filed her 2003 Federal income tax return on August 20, 2004, without remittance.  On a transcript entered into evidence a return filed and tax liability assessed code bears the date August 20, 2004, and shows an assessment of $3,306.  The transcript also shows that interest of $64.57 and an addition to tax[2] for failure to pay of $99.18 were assessed on the same date.

Respondent sent petitioner a CP 2000 notice dated August 1, 2005, which informed her that the income and payment information on file did not match the entries on her 2003 return.  Respondent included in petitioner's income for 2003 interest of $22,435 from Astoria Federal Savings and dividends of $400 from General Motors Corp. reported on Forms 1099, which created an increase in tax of $1,735.  On the same transcript mentioned above, an additional tax assessment code bears the date February 27, 2006, and shows an additional assessment of $1,735.

Respondent filed an NFTL for the tax period ending December 31, 2003, in the register's office of Kings County, Brooklyn, New York, on May 5, 2009, and on the same day mailed a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 to petitioner.  The lien amount was $5,204.75, which

---

[2]The title for this code entry on the transcript is "failure to pay tax penalty".  The proper characterization for this amount is addition to tax.

included the amounts assessed when petitioner filed her return and the additional amount assessed on February 27, 2006.

Petitioner timely filed a request for a collection due process (CDP) hearing wherein she listed her reasons for disagreeing with the NFTL as "Tax paid - no tax owed" and "unemployed with no income - lien endangers ability to pay basic living expenses."  Petitioner was represented by an accountant through a power of attorney for her CDP hearing.  Petitioner's hearing was conducted by telephone calls between her accountant and the Appeals officer (AO) and review of documents petitioner submitted to Appeals.

Respondent issued petitioner the notice of determination dated November 10, 2009, in which he determined that the collection action was appropriate and sustained the filing of the NFTL.  Petitioner timely filed a petition disagreeing with respondent's determination.[3]

## Discussion

Section 6321 imposes a lien in favor of the United States upon all property and rights to property belonging to a person who is liable for Federal taxes and neglects or refuses to pay them after notice and demand for payment has been made.  Section

_____

[3]Petitioner presented several arguments in her petition that were not addressed at trial.  The Court considers those arguments abandoned.  See Nicklaus v. Commissioner, 117 T.C. 117, 120 n.4 (2001); Korchak v. Commissioner, T.C. Memo. 2005-244 n.6.

6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of an NFTL and provided an opportunity for an administrative hearing. A hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c).

If a taxpayer requests a hearing in a lien case, the hearing is to be conducted by the Appeals Office. Sec. 6320(b)(1). At the hearing the AO must verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1). The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including challenges to the appropriateness of the proposed lien and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is expected to provide all relevant information requested by Appeals for its consideration of the facts and issues involved in the hearing, including financial statements. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. A taxpayer may raise challenges to the existence or amount of the underlying tax liability if she did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax. Sec. 6330(c)(2)(B).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Sego v. Commissioner, 114 T.C. 604, 610

(2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). The Court will review all other determinations regarding the proposed collection for abuse of discretion. <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 181-182. Generally, we consider only arguments and issues the taxpayer raised at the collection hearing or otherwise brought to the attention of Appeals. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 112-113 (2007); <u>Magana v. Commissioner</u>, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioner's three arguments that the NFTL is invalid are: (1) She did not receive a hearing; (2) her 2002 overpayment of taxes should be applied to her 2003 tax liability; and (3) the collection action is inappropriate because it will prevent her from paying her living expenses.

Petitioner's CDP Hearing

A CDP hearing may consist of one or more written or oral communications between an AO and the taxpayer. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see <u>Katz v. Commissioner</u>, 115 T.C. 329 (2000); <u>Dinino v. Commissioner</u>, T.C. Memo. 2009-284. The statute requires only that a taxpayer be given a reasonable chance to be heard before the issuance of a notice of determination. <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20.

Petitioner testified that she did not have a proper hearing because when her accountant called the AO, her accountant was not prepared for the hearing and did not know that his telephone call with the AO constituted a hearing. It is clear from the administrative record that petitioner's accountant had more than one conversation with the AO and that petitioner herself faxed documents to the AO. Petitioner was afforded a hearing under the guidelines of the statute. See Katz v. Commissioner, supra; Dinino v. Commissioner, supra; Roman v. Commissioner, supra.

Applying the 2002 Overpayment to the 2003 Tax Liability

Petitioner argues that her overpayment of taxes for 2002 should be applied to her tax liability for 2003. Respondent argues that the 2002 overpayment petitioner seeks to apply to 2003 is barred by section 6511(b)(2).[4]

The amount of a credit or refund is limited by two "look-back" periods. Commissioner v. Lundy, 516 U.S. 235, 239-240 (1996). A claim for credit or refund of an overpayment of any tax "shall be filed by the taxpayer": (1) Within 3 years from the time the return was filed, or (2) within 2 years from the time the tax was paid, whichever of those periods expires later. Sec. 6511(a). Under the 3-year look-back period, if the claim was filed within 3 years of filing the return, then the taxpayer

[4]The Court need not determine what standard of review to use for petitioner's argument because her argument is a legal one and the standard of review is immaterial.

is entitled to a refund of taxes paid within 3 years immediately preceding the filing of the claim, plus the period of any extension of time for filing the return.  Sec. 6511(b)(2)(A).

If no return is filed, the taxpayer is entitled to a refund of only those taxes paid during the 2 years immediately preceding the filing of the refund claim.  Sec. 6511(b)(2)(B).  In the case of any overpayment by a taxpayer, the Commissioner generally may, within the applicable period of limitations, credit the amount of such overpayment against any tax liability of that taxpayer.  Sec. 6402(a).

Petitioner filed her 2002 Federal income tax return in May 2006.  Her tax return is her claim for refund.  See sec. 301.6402-3(a)(1), Proced. & Admin. Regs.; see also Anderson v. Commissioner, T.C. Memo. 1993-288 (tax return is an informal claim for refund or credit), affd. without published opinion 36 F.3d 1091 (4th Cir. 1994).  As they were on the same document, petitioner's claim was filed within 3 years of the filing of the return for 2002 and is timely.  See Omohundro v. United States, 300 F.3d 1065 (9th Cir. 2002); see also Rev. Rul. 76-511, 1976-2 C.B. 428.  Petitioner is therefore allowed to claim a refund of or credit for any tax paid within the 3-year period immediately preceding her claim.  See sec. 6511(b)(2)(A).

The 3-year "look-back" period immediately preceding petitioner's claim would be from May 2003 to May 2006.[5]  The overpayment that petitioner wants credited to 2003 was paid in 2002.  No portion of the overpayment was paid in the 3-year "look-back" period.  Although petitioner's claim for refund or credit was timely, a refund or credit of petitioner's 2002 overpayment is barred.[6]  See sec. 6511(b)(2)(A).

Appropriateness of the Lien

Petitioner also argues that enforcement of the lien will make it difficult for her to pay her living expenses.  The Court will review respondent's determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.  Petitioner testified that she had applied for disability benefits and public assistance.  She did not provide the applications themselves as evidence.  Petitioner neither provided respondent with a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed

---

[5]Petitioner did not file for any extension of time to file her 2002 return.

[6]Petitioner also argues that an IRS employee told her there was no deadline for filing her 2002 return.  Estoppel applies only to statements of fact, not statements of law.  United States v. Bloom, 112 F.3d 200, 205 (5th Cir. 1997); Miller v. Commissioner, T.C. Memo. 2001-55.  Even if petitioner's estoppel argument concerned a statement of fact, the Court notes that her alleged reliance on advice from the IRS is undermined to the extent that such advice was oral.  See Henry v. United States, 870 F.2d 634, 637 (Fed. Cir. 1989) (and cases cited therein).

Individuals, during the Appeals process, nor offered further evidence beyond her testimony of her financial situation at trial. Petitioner did not offer any other collection alternative. We therefore sustain respondent's determination that the collection action was appropriate.

### Conclusion

Petitioner was afforded a CDP hearing. Petitioner's request for a credit of her 2002 overpayment of Federal income tax to her 2003 Federal income tax liability is barred by section 6511(b)(2)(A); therefore, the 2003 tax liability remains unpaid. Respondent's determination to sustain the NFTL in the light of petitioner's failure to provide financial information or other collection alternatives was not an abuse of discretion.

We have considered petitioner's arguments, and, to the extent not mentioned, we conclude the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.