**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TAMMIKA S. RICHARDSON,
  Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,
    Agency.

DOCKET NUMBER
AT-0714-21-0109-I-1

DATE: March 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jacqueline Turk-Jerido, Tuskegee, Alabama, for the appellant.

Teri Walker, Esquire, and Sophia Haynes, Decatur, Georgia, for the
  agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which reversed the agency's removal action taken pursuant to 38 U.S.C. § 714. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's order for interim relief, we AFFIRM the initial decision. We also DENY the appellant's petition for enforcement.

## BACKGROUND

¶2     The agency removed the appellant from her Nursing Assistant position, effective November 20, 2020, pursuant to 38 U.S.C. § 714 (the VA Accountability Act), and she filed a Board appeal. Initial Appeal File (IAF), Tab 4 at 13, 15-18. After a hearing, the administrative judge issued an Order Certifying Interlocutory Appeal regarding his finding that the agency cannot rely on the provisions of 38 U.S.C. § 714 to remove the appellant, a hybrid employee as defined in 38 U.S.C. § 7401(3). IAF, Tabs 17, 20, 23. In a January 4, 2023 Opinion and Order, the Board agreed and held that the agency cannot rely on the provisions of 38 U.S.C. § 714 to remove the appellant. *Richardson v. Department of Veterans Affairs,* 2023 MSPB 1, ¶¶ 10-28. The Board informed the agency that, if it wanted to proceed with an adverse action against the appellant, it must do so in accordance with the procedures described in 5 U.S.C. chapter 75, as required by 38 U.S.C. § 7403(f)(3). *Richardson*, 2023 MSPB 1, ¶¶ 29-32. The Board remanded the appeal for further adjudication. *Id.,* ¶ 33.

¶3     On remand, the administrative judge issued an initial decision, which found that the agency's action was not in accordance with law and reversed the removal. IAF, Tab 36, Initial Decision (ID) at 2.  The administrative judge ordered the agency to cancel the removal and retroactively restore the appellant.[2]  *Id.*  The administrative judge also ordered interim relief if either party filed a petition for review.  ID at 3-4.

¶4     The agency has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The appellant did not file a response.  The appellant has filed a petition for enforcement.  PFR File, Tab 3.  The agency did not respond to this petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency's petition for review does not persuade us that the Board erred in its prior Opinion and Order.</u>

¶5     The agency's petition for review challenges almost the entirety of the Board's substantive analysis in its prior Opinion and Order.  PFR File, Tab 1 at 7-26.  We have considered the agency's substantive arguments regarding plain language, statutory interpretation, legislative history, and agency deference, but they do not persuade us that the Board committed any error that warrants a different outcome.[3]

> *The agency's plain language and statutory interpretation arguments*
> *on petition for review do not warrant a different outcome.*

¶6     Most of the agency's arguments on review relating to plain language and statutory interpretation constitute disagreement with the Board's findings and conclusions in its prior Opinion and Order.  *E.g.,* PFR File, Tab 1 at 6-13, 16-25; *see Richardson,* 2023 MSPB 1, ¶¶ 17-25.  We have considered these arguments,

---

[2]  The date identified by the administrative judge for retroactive restoration, November 11, 2020, appears to be in error; the date should have been November 20, 2020.  IAF, Tab 4 at 13, 15.  This typographical error does not prejudice the appellant and does not warrant a different outcome.  *Panter v. Department of the Air Force,* 22 M.S.P.R. 281, 282 (1984).

[3]  We address the agency's arguments regarding interim relief below.

but we conclude that a different outcome is not warranted.  However, we wish to briefly discuss three of the agency's arguments.

¶7        First, the agency asserts that the "[n]otwithstanding" language in 38 U.S.C. § 7403(f)(3) will control when there is a conflict between that provision and 38 U.S.C. § 714; in the absence of any such conflict, the "[n]otwithstanding" provision is not triggered and cannot justify disregarding the plain language of 38 U.S.C. § 714.  PFR File, Tab 1 at 11-13.  We have considered the agency's citations to various decisions to support its contention in this regard, but none of the cited decisions involved 38 U.S.C. § 7403(f)(3).  Accordingly, this argument does not warrant a different outcome.

¶8        Second, the agency suggests that 38 U.S.C. § 714 and 38 U.S.C. § 7403(f)(3) can coexist "by simply reassessing § 7403(f)(3) in light of the newer statute." PFR File, Tab 1 at 17.  In this regard, the agency asserts that, because 38 U.S.C. § 714 preserves Board appeal rights and judicial review, it satisfies the requirement in 38 U.S.C. § 7403(f)(3) to resolve actions "under the provisions of title 5."  *Id.* at 17-20.  We are not persuaded by this argument.  There are significant differences between the procedures in 38 U.S.C. § 714 and the adverse action procedures of Title 5 that prevent us from concluding that 38 U.S.C. § 714 satisfies the requirements of 38 U.S.C. § 7403(f)(3).  Importantly, the Board identified in its Opinion and Order due process concerns raised by the record in this matter. *See Richardson*, 2023 MSPB 1, ¶ 32.

¶9        Third, we have considered the agency's argument that, even if 38 U.S.C. § 714 and 38 U.S.C. § 7403(f)(3) conflicted, 38 U.S.C. § 714 "sufficiently repeals" by implication the conflicting provisions of 38 U.S.C. § 7403(f)(3).  PFR File, Tab 1 at 24-25.  In arguing that 38 U.S.C. § 714 "fully substitutes for" 5 U.S.C. chapter 75 when elected[4] and is more precise than 38 U.S.C. § 7403(f)(3), the agency relies on *Schmitt v. Department of Veterans Affairs*, 2022 MSPB

---

[4] We need not take a position on whether, as the agency asserts, 38 U.S.C. § 714 "fully substitutes" for actions taken pursuant to 5 U.S.C. chapter 43 because that issue is not before us in this matter.

40, ¶¶ 14, 16, in which the Board held that the VA Accountability Act contained more specific language regarding interim relief and overcame the general interim relief language in 5 U.S.C. § 7701(b)(2).  PFR File, Tab 1 at 24-25.  However, the Board's finding in *Schmitt* in the narrow context of the interim relief provision does not mean that 38 U.S.C. § 714 is the more precisely drawn statute in the context before us.  Therefore, this argument is not persuasive.

> *The agency's arguments on review regarding the legislative history of 38 U.S.C. § 714 do not warrant a different outcome.*

¶10    The Board, in its prior Opinion and Order, noted that the agency did not identify any legislative history from the VA Accountability Act on the inclusion of hybrid employees.  *Richardson*, 2023 MSPB 1, ¶ 27.   For the first time in its petition for review, the agency cites to legislative history from the VA Accountability Act, which it argues "explicitly stat[es] Congress's intent to cover title 38 hybrids."  PFR File, Tab 1 at 14-16.  The agency also contends that the Board, in its prior Opinion and Order, incorrectly dismissed the statements from the Honorable David P. Roe regarding an unenacted House bill because the statements were made in a committee report, which is an authoritative source.  PFR File, Tab 1 at 14 (citing *Garcia v. United States*, 469 U.S. 70, 76 (1984)).  Moreover, the agency asserts that the relevant language and Congressional intent "remained consistent between the bills" and that legislative history related to prior bills is valid evidence of Congressional intent if the language and Congressional intent is consistent.  *Id.*

¶11    The general rule is that Congressional committee reports may be highly persuasive.  *Hanson v. Office of Personnel Management*, 33 M.S.P.R. 581, 589-90, *aff'd*, 833 F.2d 1568 (Fed. Cir. 1987).  Moreover, the unenacted House bill stated that the "term 'individual' means an individual occupying a position at the Department but does not include . . . an individual appointed pursuant to section 7306, 7401(1), or 7405 of this title."  H.R. Rep. 115-34(I), at *28 (Mar. 10, 2017).  Because the definition of the term "individual" in the unenacted

House bill is similar to the definition of "covered individual" in 38 U.S.C. § 714(h), the statements of Representative Roe, as discussed in *Richardson*, 2023 MSPB 1, ¶ 26, may be relevant. However, the U.S. Supreme Court and the U.S. Court of Appeals for the Federal Circuit have advised that a tribunal should be cautious in relying on the statements of a single legislator. *See, e.g., Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979) ("The remarks of a single legislator, even the sponsor, are not controlling in analyzing the legislative history."); *Groff v. United States*, 493 F.3d 1343, 1354 (Fed. Cir. 2007) (same). Moreover, taken as a whole, the portions of the legislative history of the VA Accountability Act cited by the agency do not evince a clear and manifest congressional intent to repeal 38 U.S.C. § 7403(f)(3). *Richardson*, 2023 MSPB 1, ¶¶ 26-27. Therefore, a different outcome is not warranted.

> *The agency's remaining arguments on review do not warrant a different outcome.*

¶12      We have considered the agency's argument that its own interpretation of 38 U.S.C. § 714 is entitled to deference to the extent that it has the power to persuade. PFR File, Tab 1 at 25-26. This argument is not persuasive. Indeed, numerous decisions from the Federal Circuit have rejected the agency's interpretation of 38 U.S.C. § 714. *See, e.g., Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1323-27 (Fed. Cir. 2021) (rejecting the agency's argument that 38 U.S.C. § 714 eliminated the requirement to review the factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in assessing a proper penalty); *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1300 (Fed. Cir. 2021) ("There are strong reasons that [38 U.S.C. §] 714 should not be interpreted [as the agency suggests] to endorse the use of substantial evidence as a burden of proof."); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1377 (Fed. Cir. 2020) ("The government's reading—allowing the agency to remove an employee for the tiniest incident of misconduct so long as the agency could present substantial evidence that the trifling misconduct

occurred—could 'gut due process protections' in a way Congress did not intend."). Accordingly, we conclude that the agency's interpretation of 38 U.S.C. § 714 is not persuasive and is not entitled to deference. We have considered the agency's remaining arguments on review, but none persuade us that the Board erred in its analysis or conclusion in the prior Opinion and Order.

<u>We vacate the interim relief order, and we deny the appellant's petition for enforcement.</u>

¶13      In its certification of compliance with the interim relief order, an agency Lead Human Resources Specialist states in a declaration made under penalty of perjury that the appellant was reappointed to the position of GS-05 Nursing Assistant, effective March 8, 2023, and the agency provided all documentation to the Defense Finance and Accounting Service (DFAS) to process her pay and benefits. PFR File, Tab 1 at 29-30. The appellant's petition for enforcement acknowledges that she was returned to her Nursing Assistant position, but she argues that no other relief, including "mak[e] . . . whole" relief, was provided to her. PFR File, Tab 3 at 5.

¶14      In this matter, the administrative judge erred when he ordered interim relief because such relief is precluded in actions taken under 38 U.S.C. § 714 until the Federal Circuit issues a final decision. *Schmitt*, 2022 MSPB 40, ¶¶ 9-16 (discussing 38 U.S.C. § 714(d)(7)). We therefore vacate the initial decision in this regard. However, an adjudicatory error that is not prejudicial to the appellant's substantive rights provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). Here, the appellant is receiving a final Board order on the merits in her favor, and any issue involving the agency's compliance with an interim relief order is moot. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 20 (2016); *Cowart v. U.S. Postal Service*, 117 M.S.P.R. 572, ¶ 6 n.\* (2012). Accordingly, we deny the appellant's petition for enforcement.

**ORDER**

We ORDER the agency to cancel the removal action and retroactively restore the appellant to her GS-05 Nursing Assistant position, effective November 20, 2020. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or DFAS, two lists of the information and documentation necessary to process payments and adjustments

resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.